IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>$237,632.29 IN FUNDS SEIZED FROM BANK OF AMERICA ACCT #XXXXX52266; $60,435.64 IN FUNDS SEIZED FROM JPMORGAN CHASE ACCT #XXXX26654,<br><br>    Defendants.<br>                                     / | No. C 12-04416 WHA<br><br>**ORDER DENYING CLAIMANT'S MOTION TO DISMISS PURSUANT TO FRCP 41(a)(2) AND TO GRANT ATTORNEY'S FEES** |

## INTRODUCTION

In this forfeiture action, claimant seeks an order dismissing the complaint with prejudice pursuant to FRCP 41(a)(2) and an award of attorney's fees. For the following reasons, claimant's motion is **DENIED**.

## STATEMENT

On August 22, 2012, the United States filed a complaint for forfeiture against defendants $237,632.29 in funds seized from a Bank of America account and $60,435.65 in funds seized from a JPMorgan Chase account. On September 5, Citi Alliance, Inc. filed a verified claim in the action. On September 24, the government filed a request for voluntary dismissal stating "pursuant to the provisions of [FRCP] 41(a)(2) . . . it is in the best interest to voluntarily dismiss the instant forfeiture action, without prejudice . . . Plaintiff United States of America respectfully

requests that this Court dismiss this instant civil forfeiture action without prejudice" (Dkt. No. 14). The government also included a proposed order with its request. The subsection relied on was (a)(2), a circumstance of some importance on this motion. On September 25, claimant filed an answer to the complaint. In response and on that same day, the government filed a notice of withdrawal of the proposed order of voluntary dismissal. The government explained that because it had had the right to dismiss this action without an order, the action should be deemed dismissed pursuant to FRCP 41(a)(1) when it filed the September 24 request; therefore it said it was withdrawing the unnecessary proposed order. In response, claimant filed a motion requesting that this action be dismissed with prejudice by an order pursuant to FRCP 41(a)(2) and requesting an award of attorney's fees. Claimant contends that the government did not properly dismiss this action pursuant to FRCP 41(a)(1) and the government cannot now voluntarily dismiss this action without a court order because claimant has answered. Claimant also seeks an award of attorney's fees. Both the government and claimant were required to submit supplemental briefing prior to oral argument, which was held on November 8.

**ANALYSIS**

Both the government and claimant agree that this action should be dismissed. They do not agree, however, on the form and conditions of dismissal.

Claimant had not yet filed an answer or motion for summary judgment when the government sought an order to voluntarily dismiss this action. Accordingly, under FRCP 41(a)(1) the government could simply have dismissed its claims against claimant, without an order. It did not do this, however, instead, the government requested dismissal pursuant to FRCP 41(a)(2). The government was entitled to withdraw its FRCP 41(a)(2) motion. The withdrawal, however, left the civil action in place because an answer was meanwhile filed by claimant. Therefore, FRCP 41(a)(1) was possibly no longer available as an avenue of dismissal unless this order allows the government to treat its earlier motion to a notice of dismissal under FRCP 41(a)(1) and to deem it as if made when the FRCP 41(a)(2) motion was filed. This order need not reach whether to allow such a conversion because under FRCP 41(a)(2) this order finds dismissal without prejudice to be appropriate, the action being

2

United States District Court
For the Northern District of California

so recently filed and so little having been done in it. The request for voluntary dismissal came approximately one month after the complaint was filed. With the exception of the instant motion, no motion practice or discovery has ensued. Unless otherwise specified, dismissal pursuant to FRCP 41(a)(2) is without prejudice. It is, however, within a court's discretion to dismiss with prejudice. Dismissal with prejudice is appropriate if it would be inequitable or prejudicial to the defendant to allow the plaintiff to re-file the action. Factors to be considered include: "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the actions, [and] (3) insufficient explanation of the need to take a dismissal." *Williams*, 227 F.R.D. at 540 (citing *Burnette*, 828 F. Supp. at 1443–44).

In the instant case, the factors support a dismissal without prejudice. *First*, the lack of effort and expense in preparing for trial strongly supports dismissal without prejudice. This action is at a very early stage and minimal expenses have therefore been incurred. The request for voluntary dismissal came approximately one month after the complaint was filed. With the exception of the instant motion, no motion practice or discovery has ensued. *Second*, on these facts there simply is not delay or a lack of diligence. The government promptly moved to dismiss this action, doing so within one month of filing the complaint. Furthermore, this motion for dismissal would have been timely had the government chosen the more efficient strategy and filed a notice of dismissal under FRCP 41(a)(1). In regards to the third factor, the government, despite being allowed supplemental briefing, has not adequately explained its reason for seeking voluntary dismissal. The other two factors, however, support dismissal without prejudice. For the above stated reasons, this order finds that dismissal without prejudice is appropriate.

Although costs may be awarded as a condition for dismissing without prejudice our court of appeals has determined that awarding costs and fees is not mandatory. *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Here, because the action is in the very early stages and minimal work has been done it is unnecessary to award attorney's fees to claimant.

**CONCLUSION**

For the above-stated reasons, the action is dismissed without prejudice. The motion for fees is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 16, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE